48 F.3d 1223
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 BOTTINEAU COUNTY WATER RESOURCE DISTRICT, Board of Managers, Appellant,
v.
Jerome NIEDFELT, doing business as Platte Valley
Construction; Lumerd Gizinski, doing business as Platte
Valley Construction; Doralene Niedfelt, doing business as
Platte Valley Construction; United Fire and Casualty
Company, Appellees.
 No. 94-2836.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Feb. 16, 1995.
Filed: Mar. 8, 1995.
 
 Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
 
 PER CURIAM
 
 1
 The Board of Managers of the Bottineau County Water Resource District appeals from the summary judgment entered in the district court[1] dismissing its complaint with prejudice. We affirm.
 
 
 2
 In 1988 the Board contracted with Platte Valley Construction for work on a water management project designed to improve the drainage of certain farmland in the White Spur special assessment district in Bottineau County. The White Spur project involved the construction of 8.7 miles of grassed channels, approximately sixteen feet wide, to facilitate the drainage of excess water into Stone Creek. A separate project to improve Stone Creek was also planned. The contract plans and specifications for the White Spur project prohibited the placement of excavated material in any wetland and designated the areas where such material could be deposited.
 
 
 3
 During the excavation of a preliminary pilot channel, the construction company temporarily placed dredged material next to the channel, on land that would be excavated for the wider main channel but that was designated as wetlands. The Army Corps of Engineers determined that the discharge of the excavated material into wetlands, without a permit from the Department of the Army, violated Section 404 of the Clean Water Act, 33 U.S.C. Sec. 1344. It issued a cease and desist order shutting down the entire project.
 
 
 4
 The Board then brought this action for damages claiming that the contract specifically prohibited placing any dredged material in wetlands and that the construction company breached the contract and acted unreasonably when it temporarily placed the material next to the channel. The construction company, on the other hand, states that the contract terms required only the final placement of excavated material outside of wetlands and that it acted as a reasonable contractor.
 
 
 5
 We agree with the district court that the construction contract does not address the interim removal of material from wetlands areas. The contract does not prohibit the pilot channel procedure used by the construction company or require any other construction method. It simply directs that materials excavated from wetlands be placed outside their boundaries. The parties do not dispute that the construction company intended to deposit all excavated material outside the wetlands prior to completing the project. The record also contains no evidence that the construction company violated any duty of reasonable care.
 
 
 6
 After our review and consideration of the record, we affirm the judgment entered in the district court.
 
 
 
 [1]
 The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota